UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

```
EARL GENE GRANT              :
                             :              PRISONER
     v.                      :   Case No. 3:08 CV 1432(JBA)
                             :
JEFFREY MCGILL, ET AL.       :
```

RULING AND ORDER

Petitioner has filed an amended petition for writ of habeas corpus challenging his 2002 conviction for sexual assault and risk of injury to a minor. (Dkt. #14; see also Dkts. ##2, 6). The amended petition includes the following claims: abuse of discretion, violation of his privilege against self-incrimination, unconstitutional failure of the prosecution to disclose evidence favorable to the defendant, violation of the protections afforded by the Double Jeopardy Clause, unconstitutional selection and impaneling of the jury, denial of effective assistance of counsel and the denial of his right to appeal.

Petitioner must exhaust his state court remedies with regard to any claim he includes in a federal habeas petition by seeking review of that ground before the Connecticut Supreme Court. See 28 U.S.C. § 2254(b)(1)(A); Cotto v. Herbert, 331 F.3d 217, 237 (2d Cir. 2003) (citation omitted). The attachments to the amended petition reflect that on direct appeal of his conviction, petitioner argued that:

> the trial court (1) abused its discretion by permitting the state to amend the information, after trial commenced, to expand the time

> frame of the charge of "age differential" sexual assault [in violation of Connecticut Practice Book § 36-18] and (2) denied the defendant his constitutional right to effective assistance of counsel by failing to undertake an adequate inquiry into the defendant's complaints regarding his counsel's representation.

State v. Grant, 83 Conn. App. 90, 92, 848 A.2d 549, 553, certif. denied, 270 Conn. 913, 853 A.2d 529 (2004). On appeal from the dismissal of his state habeas petition, petitioner argued that the trial court erred in concluding that his trial attorney had provided effective assistance of counsel and abused its discretion in denying certification to appeal the dismissal of the petition. See Earl G. v. Comm'r of Correction, 106 Conn. App. 758, 943 A.2d 1118, certif. denied, 288 Conn. 901, 952 A.2d 809 (2008). Thus, it appears that petitioner has not exhausted his state court remedies on all grounds for relief.

Petitioner is directed to show cause why this amended petition should not be dismissed for failure to exhaust state court remedies on all grounds for relief before commencing an action in federal court. Petitioner shall file his response within **twenty (20)** days from the date of this order. Failure to timely respond will result in the dismissal of this action without further notice from the court.

In view of this order and the fact that the court has not ordered the respondents to file a response to the amended petition, the Motion for Judgment [**doc. # 16**], which the court construes as

a motion for default for failure to plead, is **DENIED**.

   **SO ORDERED** this 20th day of April, 2009, at New Haven, Connecticut.

/s/Joan G. Margolis, USMJ
Joan G. Margolis
United States Magistrate Judge
