UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Earl Gene Grant,<br>  *Petitioner*,<br><br>  v.<br><br>McGill,<br>  *Respondent.* | Civil No. 3:08cv1432 (JBA)<br><br><br><br>April 21, 2011 |

ORDER

Earl Gene Grant petitions *pro se* for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 2002 conviction for sexual assault and risk of injury to a minor. He claims abuse of discretion, violation of his privilege against self–incrimination, unconstitutional failure of the prosecution to disclose evidence favorable to him, violation of the protections afforded by the Double Jeopardy Clause, unconstitutional selection and impaneling of the jury, denial of effective assistance of counsel, and the denial of his right to appeal.

"It is well–established that a state prisoner must normally exhaust available state judicial remedies before a federal court will entertain his petition for habeas corpus." *Cotto v. Herbert*, 331 F.3d 217, 237 (2d Cir. 2003) (internal citations omitted). "A district court must dismiss any petition for habeas corpus, brought pursuant to 28 U.S.C. § 2254, that contains issues not exhausted in state courts." *McKethan v. Mantello*, 292 F.3d 119, 122 (2d Cir. 2002). Because Grant's state habeas petition only addressed effectiveness of counsel and denial of a certification to appeal dismissal of his state petition to the Connecticut Appellate Court but raised none of his other grounds for federal habeas relief, *see Earl Grant v. Comm'r of Correction*, 106 Conn. App. 758, *certif. denied*, 288 Conn. 901 (2008), Magistrate

Judge Margolis ordered that Grant show cause how he exhausted his state court remedies with regard to each claim included in his federal habeas petition. (*See* Ord. [Doc. # 17].)

Grant responded by repeating his allegations that the trial court abused its discretion and denied his constitutional right to effective assistance of counsel; however, he does not state any effort to raise in his appeal or in his state habeas action his claims that the prosecution failed to disclose evidence favorable to him and that the trial court violated his privilege against self–incrimination; violated double–jeopardy protections; and selected and impaneled the jury in an unconstitutional manner. Because Grant has failed to demonstrate that he exhausted state remedies as to all of his claims, his [Doc. # 9] Amended Petition is DISMISSED without prejudice. Petitioner may move to reopen this action after utilizing all available means to obtain appellate review of his claims. The motion to reopen shall be filed within thirty (30) days from the decision of the Connecticut Supreme Court.

IT IS SO ORDERED.

/s/

Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 21st day of April, 2011.